JOAN ERISOTY *v.* MERROW MACHINE COMPANY ET AL.
(12341)

LANDAU, HEIMAN and SPEAR, Js.

Argued February 14—decision released June 21, 1994

*Leon M. Rosenblatt,* for the appellant (plaintiff).

*Richard A. Mills,* with whom, on the brief, was *Gregory T. D'Auria,* for the appellees (defendants).

LANDAU, J. The plaintiff, Joan Erisoty, appeals from the decision of the workers' compensation commissioner dismissing the discrimination claim she filed against her employer, the defendant Merrow Machine Company (Merrow),[1] claiming that the termination of her employment violated General Statutes § 31-290a.[2]

---

[1] The Aetna Life and Casualty Company, Merrow's workers' compensation insurer, was also named as a defendant.

[2] General Statutes § 31-290a (a) provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."

The plaintiff claims that the commissioner improperly (1) allocated the burden of proof in her discrimination claim, and (2) held that the parties' stipulated agreement barred this claim.[3]

The following facts are relevant to this appeal. Erisoty worked for approximately twenty years as a pieceworker at Merrow, an industrial sewing machine manufacturer. On June 16, 1986, Erisoty suffered a work related injury known as carpal tunnel syndrome. Her injury was followed by extensive physical therapy and surgery. On January 13, 1987, the parties entered into a voluntary agreement in full and final satisfaction of all workers' compensation claims. Merrow accommodated Erisoty's injury by finding her light duty work until September 28, 1988, when Erisoty was diagnosed as totally disabled and ceased working on the advice of her physician. Her disability treatment continued until July 21, 1989, when her physician allowed her to return to work with some restrictions. In July, 1989, Merrow terminated Erisoty's employment claiming that the department in which she had worked did not have sufficient suitable light duty work to keep her busy.

The plaintiff filed this discrimination claim pursuant to § 31-290a alleging that the defendant had terminated her employment because she had filed a claim for workers' compensation benefits. On January 29, 1993, the workers' compensation commissioner found that the plaintiff would "never be able, due to her physical disability and her medical restrictions, to return to her regular job at Merrow Machine." The commissioner further found that the plaintiff was unable "to perform all job duties within her [light work] classification," and

---

[3] The parties have briefed a third claim that this appeal should be dismissed as untimely. On June 23, 1993, the defendants' motion to dismiss for untimeliness was denied without prejudice by a motions panel of this court. We see no reason to depart from that decision.

that Merrow had made numerous good faith attempts to accommodate her work related restrictions. He then concluded that the plaintiff had not met the burden of proof necessary to establish a prima facie case of discrimination under § 31-290a, and dismissed the claim.[4] This appeal followed.[5]

The plaintiff claims that the commissioner failed to apply the analysis of *McDonnell Douglas Corp.* v. *Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), to her discrimination case. She argues that the commissioner's factual findings indicate that the formula that shifts the burden of proof was not applied or was misapplied. She also argues that the commissioner ignored relevant evidence and misapplied the facts. We disagree.

Our Supreme Court has set forth the allocation of burdens of proof and order of presentation of proof in discrimination cases brought pursuant to § 31-290a in *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* 216 Conn. 40, 578 A.2d 1054 (1990). "The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. [*McDonnell Douglas Corp.* v. *Green,* supra, 411 U.S. 802]. In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. *Texas Department of Community Affairs* v. *Burdine,* 450 U.S. 248, 252–53, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). If the plaintiff meets

---

[4] The commissioner also found that the plaintiff's signing of a full and final stipulation in May or June, 1989, released any claim she may have had under General Statutes § 31-290a. Because we affirm the commissioner's dismissal on the basis of proof, we do not reach this issue.

[5] General Statutes § 31-290a (b) provides two alternative procedures under which an employee may commence a claim of wrongful discharge or discrimination. The employee may either bring an action in the Superior Court or file a complaint with the workers' compensation commission with the right to direct appeal to this court. The plaintiff chose the second option and her appeal is before this court directly from the commissioner.

this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corporation* v. *Green,* supra [802]. 'If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity.' *Texas Department of Community Affairs* v. *Burdine,* supra, 255. The plaintiff then must satisfy her burden of persuading the factfinder that she was the victim of discrimination 'either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.' Id., 256; see *McDonnell Douglas Corporation* v. *Green,* supra, 804–805." *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* supra, 53–54.

Section 31-290a was designed to protect employees who file for workers' compensation benefits. *Chiaia* v. *Pepperidge Farm, Inc.,* 24 Conn. App. 362, 365–66, 588 A.2d 652, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991). The burden shifting formula presented in *Ford* required the plaintiff here to establish a prima facie case under § 31-290a, i.e., she bore the initial burden of demonstrating discrimination by a preponderance of the evidence. *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* supra, 216 Conn. 53. "The plaintiffs must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the employees because they had exercised their rights under the Workers' Compensation Act. Id., 53–54. Without some proof of an improper motive, [a plaintiff's] case must fail. See id." *Chiaia* v. *Pepperidge Farm, Inc.,* supra, 366.

The plaintiff's arguments that the commissioner misapplied the law in this area revolve around the com-

missioner's fact-finding responsibilities. She advances that the following facts, presented to the commissioner, established Merrow's intent to discriminate against her for having filed a workers' compensation claim: she was a member of a protected class; she applied for and was qualified for jobs Merrow was seeking to fill; she was rejected for available work at Merrow; and positions at Merrow remained available for which Merrow sought applicants.[6] The commissioner found, however, that, although Merrow had attempted to place her in positions to accommodate her medical restrictions, her injuries were aggravated by all the job duties within her department. He found that, following her release to return to work, there was no long-term work suitable for the plaintiff at Merrow that was within her work restrictions, i.e., she was not qualified for jobs that Merrow sought to fill.

"The workers' compensation commissioner has the power and the duty to determine the facts, and we will not review facts reasonably found by the commissioner. The commissioner's conclusions that are drawn from those facts must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Besade* v. *Interstate Security Services*, 212 Conn. 441, 448, 562 A.2d 1086 (1989); *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986)." *Chiaia* v. *Pepperidge Farm, Inc.*, supra, 24 Conn. App. 364. The commissioner heard the evidence and determined that the facts did not support even the initial burden of producing evidence from which it could be inferred that Merrow had a discriminatory motive in terminating her employment. We

---

[6] If proven, these facts would establish a prima facie case for the initial burden of production in establishing a discrimination claim pursuant to General Statutes § 31-290a. See *McDonnell Douglas Corp.* v. *Green*, supra, 311 U.S. 802.

conclude that the facts found were reasonable, and that the conclusions drawn by the commissioner did not result either from an incorrect application of the law, or from an illegal or unreasonable inference drawn from the facts.

Section 31-290a "does not require an employer to retain an employee unable to perform his or her work simply because that inability resulted from a work related injury or illness. See, e.g., *Hines* v. *United Parcel Service, Inc.,* 736 F. Sup. 675, 678 (D.S.C. 1990); *Fergerstrom* v. *Datapoint Corporation,* 680 F. Sup. 1456 (D. Hawaii 1988); *Smith* v. *Electrical System Division of Bristol Corporation,* 557 N.E.2d 711 (Ind. App. 1990); *Rowland* v. *Val Agri, Inc.,* 13 Kan. App. 2d 149, 766 P.2d 819 (1988); *Mitchell* v. *St. Louis County,* 575 S.W.2d 813 (Mo. App. 1978); *Galante* v. *Sandoz, Inc.,* 192 N.J. Super. 403, 410, 470 A.2d 45 (1983), aff'd, 196 N.J. Super. 568, 483 A.2d 829 (1984); *Duncan* v. *New York State Developmental Center,* 63 N.Y.2d 128, 470 N.E.2d 820 (1984). Businesses would suffer significant losses if they were prevented from filling employment vacancies after the lapse of a reasonable period of time. See *Duncan* v. *New York State Developmental Center,* supra, 135." *Chiaia* v. *Pepperidge Farm, Inc.,* supra, 24 Conn. App. 366–67.

In order to meet the initial burden of proof in a claim arising under § 31-290a, the plaintiff would have had to present some evidence to infer that Merrow had a discriminatory intent when it terminated her employment. Because the plaintiff was discharged solely as a result of Merrow's inability further to accommodate the plaintiff's medical condition, we agree with the commissioner that there was no contravention of § 31-290a.

The order of the commissioner dismissing the plaintiff's claim is affirmed.

In this opinion the other judges concurred.