[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 26, 1991, the plaintiff, Greg H. Fortier, filed a one-count complaint against the defendant, C M Technology, Inc. Therein, the plaintiff alleges that he was unlawfully terminated from employment by the defendant, in violation of General Statutes § 31-290a, for filing a claim for workers' compensation after being injured at work. Thereafter, on January 18, 1994, the defendant filed a Request to Amend its Answer and Add a Special Defense. In said special defense, the defendant alleges that the plaintiff is barred from bringing the present action in the Superior Court, because he previously filed a claim under General Statutes § 31-290a with the Workers' Compensation Commission ("WCC"), and General Statutes § 31-290a prohibits a claimant from initiating a claim before the WCC and then bringing the same claim to the Superior Court. On January 21, 1994, the plaintiff filed an objection to the defendant's request to amend its answer and add this special defense. Said objection, however, was overruled by the court, Hendel, J., on March 7, 1994. CT Page 4685
On January 6, 1995, the defendant filed a memorandum of law in support of its motion for summary judgment,[1] and submitted Exhibit A, which constitutes a certified copy of the workers' compensation file of Greg H. Fortier, and Exhibit B, the affidavit of James Carnell, dated January 6, 1995. On January 24, 1995, the plaintiff filed a memorandum of law in opposition thereto. The defendant argues that it is entitled to summary judgment because, prior to the filing of the present lawsuit, the plaintiff filed a claim with the WCC, pursuant to General Statutes § 31-290a, seeking recovery for the same injuries alleged in the present action; namely, wrongful termination. It follows, the defendant argues, that, because the plaintiff has already elected to bring his claim before the WCC, he may not now bring the same claim in the Superior Court.
In response, the plaintiff concedes that he originally set forth his claim against his employer in a letter, dated June 9, 1991, which he mailed to John A. Arcudi, Chairman of the WCC. Nonetheless, the plaintiff argues that said letter did not constitute an election of remedies under General Statutes § 31-290a, thereby precluding the plaintiff from bringing the current action in this court, in light of the sequence of events that followed. In this regard, the plaintiff points out that his election of remedies occurred when his attorney subsequently requested that the Workers' Compensation Commissioner postpone indefinitely the informal hearing as to the claim the plaintiff had previously brought under General Statutes § 31-290a. Additionally, the plaintiff points to the fact that when he, the defendant, and the defendant's insurer thereafter stipulated to his underlying workers' compensation claim on September 24, 1991, he specifically reserved his rights to pursue his claim under General Statutes § 31-290a. Finally, the plaintiff argues that, because his writ, summons, and complaint was dated
September 11, 1991, his election to proceed with his claim in the Superior Court occurred at a point in time prior to the date that the parties resolved his substantive workers' compensation claim.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 246-47, CT Page 4686618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,
supra, 214 Conn. 579. In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank TrustCo. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991).
General Statutes § 31-290a "was designed to protect employees who file for workers' compensation benefits."Erisoty v. Merrow Machine Co., 34 Conn. App. 708, 711,643 A.2d 898 (1994), citing Chiaia v. Pepperidge Farm, Inc.,24 Conn. App. 362, 365-66, 588 A.2d 652, cert. denied, 219 Conn. 907,593 A.2d 133 (1991). Said statute provides, in pertinent part, as follows:
 (a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
 (b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of CT Page 4687 employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. Any employee who prevails in such a civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court; or (2) file a complaint with the chairman of the workers' compensation commission alleging violation of the provisions of subsection (a) of this section. Upon receipt of any such complaint, the chairman shall select a commissioner to hear the complaint, provided any commissioner who has previously rendered any decision concerning the claim shall be excluded. The hearing shall be held in the workers' compensation district where the employer has its principal office. After the hearing, the commissioner shall send each party a written copy of his decision. The commissioner may award the employee the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he otherwise would have been eligible if he had not been discriminated against or discharged. Any employee who prevails in such a complaint shall be awarded reasonable attorney's fees. Any party aggrieved by the decision of the commissioner may appeal the decision to the appellate court.
(Emphasis added.) General Statutes § 31-290a(a) (b). Subsection (b) of the statute clearly "provides twoalternative procedures under which an employee may commence aclaim of wrongful discharge or discrimination. The employee may either bring an action in the Superior Court or file a complaint with the workers' compensation commission with the right to direct appeal to . . . [the appellate] court." (Emphasis added.) Erisoty v. Merrow Machine Co., supra,34 Conn. App. 710 n. 5. See also Plati v. United Parcel Service,33 Conn. App. 490, 494, 636 A.2d 395 (1994) ("the plaintiff ha[s] the choice of filing a complaint with the workers' compensation commission or bringing an action in the Superior Court"); Collins v. Bridgeport Resco Co., 9 CSCR 297, 297
(February 24, 1994, Pittman, J.) ("the employee may elect the Superior Court as a forum" in a cause of action for retaliatory discharge brought pursuant to General Statutes CT Page 4688 § 31-290a).
However, there is authority for the proposition that, once an employee selects a particular forum within which to bring his claim under the statute, he may not later attempt to bring the same claim in the alternative forum. Caldeira v.State Department of Corrections, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 449427 (May 11, 1992, Shaughnessy, J.) (a "plaintiff may not bring an action in superior court subsequent to the filing ofhis claim with the Workers' Compensation Commission," because "[t]he plain language of General Statutes § 31-290a precludes seeking redress in one forum when another forum has already been selected by the plaintiff"). See also Ceballos v.Masonic Charity Foundation, Superior Court, judicial district of New Haven at Meriden, Docket No. 246297 (October 25, 1994, Silbert, J.) ("General Statutes § 31-290a gives a plaintiff the choice of proceeding either in the Superior Court or before the Workers' Compensation Commission, but not both").
In the present case, the following facts are undisputed: On or about November 27, 1990, the defendant discharged the plaintiff from his employment. Complaint para. 6. Thereafter, the plaintiff filed a claim under General Statutes § 31-290a with the WCC. Exhibit A. Specifically, by letter dated June 9, 1991, the plaintiff wrote to John A. Arcudi, the chairman of the WCC, stating:
 As a worker and resident of the State of Connecticut I feel that I have been clearly discriminated against by C M Technology and their Workers' Compensation Insurer, Travelers Insurance Company. . . . Despite the recession, there has always been a backlog at C M, a few people have quit and been replaced, but I am the only person to be laid off, with "no possibility of being called back." Since then, they have hired several new employees. Please examine my documents, I believe they strongly support my claim of discrimination. The president of C M was convinced that his workers' compensation rates would go up because of this one incident. . . ." . . . I request a hearing to resolve this dispute and to allow both sides to be heard. CT Page 4689
Exhibit A, tab #2. Thereafter, the chairman of the WCC, in a letter dated July 8, 1991, assigned the plaintiff's "complaint of discharge or discrimination" under General Statutes § 31-290a
to Commissioner Gerald Kolinsky "for hearing or other appropriate action." Exhibit A, tab #3. The plaintiff's claim was then set down for a hearing on August 20, 1991. Exhibit B, Affidavit of James Carnell, dated January 6, 1995.
Subsequently, the plaintiff hired Attorney Robert M. Fitzgerald, who requested, by letter dated August 1, 1991, that Commissioner Kolinsky "postpone indefinitely the informal conference scheduled for August 20, 1991 at 10:45 a.m. on the claimant's C.G.S. § 31-290a claim." Exhibit A, tab #4. On August 14, 1991, the WCC sent out a notice which "postponed indefinitely" the informal hearing regarding the plaintiff's claim under General Statutes § 31-290a. Exhibit A, tab #5.
Thereafter, on September 24, 1991, the plaintiff, the defendant, and the defendant's insurer stipulated to the plaintiff's underlying workers' compensation claim in the amount of $27,500.00. In said stipulation, however, the plaintiff reserved his rights to pursue his claim against the defendant and its insurer under General Statutes § 31-290a. Exhibit A, tab #1. Then, on September 26, 1991, the plaintiff filed his complaint with this court.
As noted above, the plain language of General Statutes § 31-290a requires an employee to select either the WCC or the Superior Court when making a claim under General Statutes § 31-290a. Here, as evidenced by certified copies of the plaintiff's WCC file, the plaintiff initially elected to bring his claim under General Statutes § 31-290a to the WCC.
Thus, under the applicable law as stated herein, said claim should be heard and resolved by the WCC. The plaintiff is, therefore, barred from bringing the current action in this court. Accordingly, the defendant's motion for summary judgment is hereby granted.
Hurley, J.