[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's complaint alleges a violation of the provisions of Connecticut General Statutes § 31-290a, which makes it unlawful for an employer to "in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." In this complaint the plaintiff alleges that he sustained an injury to his lower back while in the course and scope of his employment for the City of Meriden on October 18, 1991. At that time, the plaintiff was employed by the defendant as the head custodian of the Nathan Hale Elementary School. Subsequent to said injury, the plaintiff filed a claim for workers' compensation pursuant to General Statutes § 31-294c, which claim was not contested by the defendant. The injury the plaintiff sustained eventually required surgery. After two years' absence from his duties due to his injury, plaintiff was released to return to work by a surgeon on or about August 17, 1993. CT Page 3304
Plaintiff resumed his duties as head custodian at Nathan Hale for approximately two weeks. During these two weeks, school was not in session; and the night custodians were available during the daytime to complete custodial duties which did not include cleaning the cafeteria. The students returned in September, and the cafeteria reopened and required maintenance. No evening personnel were available to assist plaintiff in cleaning the cafeteria inasmuch as school officials refused plaintiff's request that a night custodian be permitted to come in early to assist plaintiff in the cafeteria cleanup.
Plaintiff had told his physician he could not perform his duties with reference to the cafeteria, and the doctor agreed he could not. The principal of the school was dissatisfied with the condition of the cafeteria during the two days that plaintiff worked in September. She advised plaintiff of her dissatisfaction and also advised school authorities insisting that the head custodian, the only custodian working during the daytime, be capable of performing all the duties contained in his job description. Plaintiff took six weeks' vacation leave after working two days in September. He returned to work and was advised after meeting with school officials on October 19, 1993, that he was being transferred to Platt High School to work nights in a lower grade.
This transfer was in effect a demotion, and, in addition, the plaintiff was forced to work a night shift rather than a day shift as he had done in his position as head custodian. The demotion involved a decrease in salary. In this action, the plaintiff seeks money damages, payment of back wages, reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against, punitive damages and reasonable attorney's fees.
The defendant denies that it was guilty of any discrimination against the plaintiff arising from the fact that he filed a workers' compensation claim. Prior to his operation, the plaintiff was released for light duty on February 26, 1992. The defendant provided him with a light duty position, but the plaintiff was unable to complete the functions of this position, and he was again rendered totally disabled by his physician, Dr. Kolstad. Subsequently, it was discovered that a disc in Mr. Rancourt's back had herniated, and the plaintiff was referred to a neurosurgeon who performed surgery on the plaintiff's back in March of 1993. In August of 1993, the neurosurgeon authorized Mr. CT Page 3305 Rancourt to return to work in a light duty capacity. Dr. Dickey stated in his report dated August 17, 1993 that Mr. Rancourt should lift no more than fifty pounds and that he was unable to clean the cafeteria without assistance. Exhibits A, C, 2 and 3. This portion of the disability report, plaintiff's inability to clean the cafeteria without assistance, was inserted in the report at the request of the plaintiff. Dr. Dickey, the plaintiff's neurosurgeon, was wholly in agreement with this conclusion. The doctor reported that the repetitive nature of the moving chairs and tables in the cafeteria would likely contribute negatively to Mr. Rancourt's lumbar spine health. As head custodian of the Nathan Hale Elementary School, the plaintiff worked alone the day shift at the school. The physical aspects of this job entailed removing the tables and 200 chairs in the cafeteria in the morning, resetting the tables and chairs before lunch, and removing the tables and chairs again to clean the cafeteria after lunch. The plaintiff sought a redefinition of his duties from the superintendent of the building custodians seeking to have some member of the night shift come in early to assist him in the cafeteria. Based on the medical report of the plaintiff's own physician, the officials concluded that Mr. Rancourt should be transferred to another position where the duties would be lighter and where there would be other available custodians to help him in the event he was required to do some lifting beyond fifty pounds. Since a position was available at the Platt High School where there were seven evening custodians working the night shift, Mr. Rancourt was transferred to this position.
Various school officials testified credibly that no malice was involved in this transfer, that the reason for the transfer was to give the plaintiff an opportunity to work with other custodians who would assist him with heavy work. The plaintiff asserts that in fact the new job involved a greater effort on his part than his former position as the head custodian at the Nathan Hale School. The plaintiff, however, offered no evidence that he advised to school officials or to his doctor that he could in fact perform all of the responsibilities as head custodian at the Nathan Hale School.
The plaintiff testified that he was transferred to Platt in retaliation for his filing a workers' compensation claim, and that this transfer was intended to encourage him to quit his position. The only evidence that the plaintiff was able to offer that there was an improper reason for this transfer was his CT Page 3306 recollection of a conversation with Mr. Cordani who indicated to him that if perhaps he were unable to do the work that he should consider returning to school full-time and file a claim under workers' compensation for any difference in the income which he might earn from a lesser position.
Prior to his injury, plaintiff had been attending a community college part-time. Mr. Cordani testified on direct and cross that he had no improper motive. The court finds his testimony credible. The court finds the school officials acted in good faith when they arranged the transfer of this disabled plaintiff to what they honestly believed was a lighter job.
In cases brought pursuant to § 31-290a, the plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of legitimate nondiscriminatory reasons for its actions. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. The plaintiff then must satisfy his burden of persuading the factfinder that he was the victim of discrimination either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.
Section 31-290a was designed to protect employees who file for workers' compensation benefits. The burden-shifting formula which has evolved in our courts requires the plaintiff to establish a prima facie case under § 31-290a; i.e., he bore the initial burden of demonstrating discrimination by a preponderance of the evidence. The plaintiff must present some evidence from which the trier of fact could infer that the employer discharged or discriminated against the employee because he had exercised his rights under the Workers' Compensation Act. Without some proof of improper motive, a plaintiff's case must fail. Erisoty v. Merrow Machine Co. 34 Conn. App. 708, 710-11
(1994).
The plaintiff's efforts to produce a prima facie case before the court were weak indeed. The plaintiff offered two witnesses CT Page 3307 to show some sort of a pattern of discrimination, but these witnesses had no credibility. The plaintiff's offer of proof rests primarily on two factors — one, that in another instance, the Board of Education had permitted a night shift employee to come in early at another school to do some work on the day shift which is precisely what the plaintiff was requesting in this particular case; and secondly, the conversation that the plaintiff had with John Cordani, the manager of building and grounds, for the Meriden Board of Education. The court finds Mr. Cordani attempted to make revisions to the plaintiff's job duties in order to accommodate his restriction of fifty-pound lifting and his inability to continue the repetitive nature of moving chairs and tables in the cafeteria. Cordani suggested that instead of lifting the tables and chairs that the plaintiff slide them across the floor. This proved to be impracticable. Subsequently, Mr. Cordani concurred with a supervisory decision that Mr. Rancourt would have to be transferred to lighter duties based upon his inability to perform the solitary duties of the head custodian at Nathan Hale.
Employers are not required to maintain employees on their payroll if they are unable to perform their duties fully. Employees are required to use good faith efforts to accommodate a partially disabled employee with light duty where it is available. The court concludes that the defendant acted in good faith and in compliance with their obligations under both the workers' compensation law and the collective bargaining agreement governing the relationship between custodial employees and the defendant when it transferred the plaintiff to a job where he could receive assistance from fellow employees.
The court concludes that the plaintiff's evidence did not rise to the level of a prima facie case by a fair preponderance of the evidence. The defendant offered extensive testimony of its desire to afford the plaintiff an opportunity to do light work. A complete review of this testimony indicates to the court that the defendant had no improper motive in transferring Mr. Rancourt to the Platt position. The defendant determined based upon the information which it had received from the principal and from Mr. Cordani, and the plaintiff's doctor that plaintiff working alone could not perform an essential function of his job description but could handle the duties at the Platt High School because of the fact that there were other custodians available working on the same shift with him who could assist him with the more difficult lifting operations. CT Page 3308
Accordingly, judgment may enter for the defendant.
Dorsey, J. State Trial Referee