[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by the plaintiff pursuant to Connecticut General Statutes § 31-290a. Basically, the plaintiff claims that the defendant fired her in retaliation for a Workman's Compensation claim filed by the plaintiff.
Section 31-290a provides as follows:
 Sec. 31-290a. Discharge or discrimination prohibited. Right of action. (a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
The intent of the statute is obvious. It aims to prevent discrimination against any employee who has exercised his or her rights which are provided by the Act. The defendant claims that the burden is upon the employee to prove, by a preponderance of the evidence, that the employer has so discriminated against the employee.
The plaintiff, on the other hand, maintains that the employee must merely make out a prima facie case that the employer has discriminated against the employee, citing Eriosty v. MerrowMachine Co., 34 Conn. App. 708 (1994) cert. denied. The plaintiff has not properly represented to the court the burden which the plaintiff initially carries. The plaintiff would have this court believe that the employee must merely make out a prima facie case and then the burden shifts to the defendant. This is not a proper interpretation of the law and, in fact, misrepresents the court's findings in McDonnell Douglas Corp. v. Green, 411 U.S. 792,93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). (See page two of plaintiff's trial memorandum where she states that the plaintiff must carry the initial burden of establishing a prima facie case.)
The Ford court, in fact, stated that the "plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination." (Emphasis added.) Ford v.Blue Cross Blue Shield of Connecticut Inc., 216 Conn. 40, 53
(1990). The court goes on to say that "[i]f the plaintiff meets this initial burden [by a preponderance of the evidence], the burden then shifts to the defendant to rebut the presumption of CT Page 2504 discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions." Id., 53-54.
This court need not get to the second part of the above equation because the evidence presented by the plaintiff was insufficient to shift the burden to the defendant. The plaintiff failed to convince this court by a preponderance of the evidence that the employer violated Connecticut General Statutes § 31-290a.
The court can not conclude that the plaintiff was fired from her employment. In fact, all the testimony of both Sharon Freitas and Patricia Wolf belies the claims of the plaintiff. Patricia Wolf testified that she was totally unaware of any Workman's Compensation claim filed by the plaintiff. The court accepts the testimony of Sharon Frietas that she never told the plaintiff not to work on August 14 and August 15, 1993. In fact, the compensation claim was not signed until August 16, 1993.
Judgment may enter for the defendant.
Mihalakos, J.