[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Lynda G. Lindblom, instituted this action against Shawmut Bank, N.A., d/b/a Fleet Bank, N.A. (hereinafter Shawmut) and three employees, Ruth Van Valkenberg, Kara Tavella and Helen Lekacz. CT Page 11064
She claims in one count that Shawmut wrongfully terminated her employment, because she filed a workers' compensation claim in violation of § 31-290a of the Connecticut General Statutes.
Counts two, three and four of the complaint are brought against the individual employees, claiming tortious interference with business relations.
On July 14, 1994, the plaintiff tripped over plastic bags, striking a file cabinet and causing injury to her cervical spine. She was diagnosed with a ruptured disc.
Prior to the July 14, 1994 incident, the plaintiff had filed two workers' compensation claims, the first in 1987 and the second in 1994.
On August 10, 1994, the plaintiff began a period of medical leave and initiated a workers' compensation claim.
The claim was not accepted for payment until March 9, 1995, after the plaintiff indicated that she was ready to return to work.
The plaintiff was discharged by Shawmut on February 7, 1995, but was rehired on March 14, 1995, after accepting a part-time position which was offered to her on March 9, 1995.
Prior to her July 14, 1994 injury, the plaintiff had been a full-time employee.
Six months later, on September 8, 1995, the plaintiff resigned from Shawmut and accepted another position.
All defendants move for summary judgment, citing three grounds: (1) Shawmut acted in accordance with a standard leave from employment policy in discharging the plaintiff, not based upon the filing of a workers' compensation claim; (2) the plaintiff sustained no damages; and (3) the plaintiff failed to mitigate damages.
Shawmut claims that Lynda Lindblom was discharged on February 7, 1995, because the bank was unable to find a position comparable to that which she held in August of 1994. CT Page 11065
The plaintiff, through her own affidavit and that of fellow employees, questions the existence of a medical leave policy, and further claims that any policy was not applied in a neutral fashion.
She claims that the Shawmut employees named as defendants delayed the processing of her workers' compensation claims, thus denying her needed medical treatment and other benefits.
The claim was finally approved on March 9, 1995. This was well after the sixteen week period which Shawmut states is the maximum time provided in its medical leave policy. The sixteen week period expired on December 5, 1995.
In passing upon a motion for summary judgment, a court is limited to deciding whether a genuine issue of material fact exists. Batick v. Seymour, 186 Conn. 632, 647 (1982). Summary judgment is appropriate only when documentary and other evidence demonstrates that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 11 (1983); Daily v. New Britain Machine Co.,200 Conn. 562, 568 (1986).
The burden is upon the moving party to show quite clearly what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Yanow v. TealIndustries, Inc., 178 Conn. 262, 268 (1979); Fogarty v. Rashaw,193 Conn. 442, 445 (1984).
The test to be applied is whether, construing all facts most favorably to the nonmoving party, the moving party would be entitled to a directed verdict. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969).
Section 31-290a of the Connecticut General Statutes provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."
The statute is specifically designed to protect persons who file workers' compensation claims, and represents a statutory CT Page 11066 remedy derived from the common law action of wrongful discharge.Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980).
The plaintiff has the burden, in an action brought under this section, to make out a prima facie case of discrimination. Fordv. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40,53 (1990).
In order to meet this initial burden, by a fair preponderance of the evidence, the plaintiff must prove that the defendant possessed a discriminatory intent, when terminating the plaintiff from employment. Erisoty v. Merrow Machine Co.,34 Conn. App. 708, 713 (1994).
Although a § 31-290a action will not lie against an employer who applies an absence control policy in a neutral fashion to one injured in the course of his employment (seeChiaia v. Pepperidge Farm, Inc., 24 Conn. App. 362, 367 (1991)), whether an employer had the requisite intent, and whether any absence control policy was evenly applied, represent questions of fact for the trier of fact.
Here, not only is the existence of the policy questioned, but the plaintiff claims that the policy was not applied in a neutral fashion.
The defendant employees further seek summary judgment, on the plaintiff's claims of tortious interference.
A claim for tortious interference with contractual relations requires a plaintiff to establish to the following: (1) the existence of a contractual relationship; (2) the defendant's knowledge of that relationship; (3) the defendant's intent to interfere with that relationship; (4) the interference was tortious; and (5) the plaintiff was damaged by the defendant's conduct. Collum v. Chapin, 40 Conn. App. 449, 452 (1996). Here, the plaintiff claims that she was warned by her immediate supervisor about the consequences of filing a claim. She has also raised questions of fact concerning the motives and actions of each of the employees.
Because the plaintiff was discharged, even for a short period of time, and did not pursue her banking career, she claims to have sustained damages. CT Page 11067
The extent of those damages, if any, and whether the plaintiff had an opportunity to mitigate damages, are properly questions reserved for the trier of fact.
The motion for summary judgment is denied.
Radcliffe, J.