[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought a one count Complaint alleging that she was terminated from her employment, in violation of Conn.Gen. Stat. § 31-290a, because she filed a claim for Worker's Compensation benefits. The defendant, East Hampton Board of Education, has moved for summary judgement on the Complaint claiming that there is no genuine issue of material fact in dispute and the defendant is entitled to judgment as a matter of law.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller vs. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenon-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (emphasis in original.) Id.
"[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111
(1994). However, "[e]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 250 (1992).
"Although the party seeking summary judgment has the burden of showing the non existence of any material fact . . . a party opposing a summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55 (1998).
In order to make out a prima facie case in a Worker's Compensation discrimination case, the plaintiff must present evidence of "(a) participation in a protected activity known to the defendant; (b) an employment action disadvantaging the plaintiff (c) the causal connection between the protected activity and the adverse employment action." D'Agata v. SearsCT Page 730Roebuck Co., 1999 WL643189 (Conn. Super Ct.) In D'Agata, the court found that the collection of Worker's Compensation benefits was participation in a protected activity and that the termination of plaintiffs employment was an adverse employment action. However, in granting summary judgment for the defendant, the court found that the plaintiff had failed to show that "he will be able to establish even under the de minimis standard, the causal connection between the first two elements of a prima facie case of a retaliatory discharge." Id. at 4.
"A causal connection may be established either indirectly by showing that the protected activity was followed closely by discriminatory treatment or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant." D'Agata,
supra, quoting Johnson v. Palma,
931, F.2d 203, [931 F.2d 203], 207 (2d Cir. 1991).
The relevant facts for purposes of summary judgement are as follows:
In February of 1996, plaintiff was injured when she fell on her knees while shoveling snow for the defendant. Prior to sustaining this injury, plaintiff had not received any negative reviews. She filed a Worker's Compensation claim and upon her return to work was placed on light duty for the remainder of the year.
In April of 1997, plaintiff engaged in an exchange of words with the school's principal about the use of profanity during her shift the evening before. During this exchange, plaintiff used profanity. As a result of this incident, plaintiff was suspended from work for a period of two weeks and was informed that further misconduct would result in her discharge from employment.
In an evaluation dated August of 1997 which appears to be for the time period after plaintiffs injury there is a statement by the evaluator as follows: "There have been continuing medical and legal issues that have been present."
On October 6, 1997, plaintiff underwent orthoscopic surgery on her injured knee. On January 28, 1998, plaintiff entered into a "last chance agreement" in which she agreed to be placed on ninety days probation during which time she was to comply with the terms of the agreement. Plaintiff entered into the "last chance agreement" in an effort to have the disciplinary suspension in April of 1997 removed from her personnel file. On CT Page 731 May 29, 1998, following a negative evaluation, the plaintiffs employment was terminated.
In objecting to the motion for summary judgment, plaintiff has submitted an affidavit in which she claims in paragraphs 16 and 17 that other custodians used profanity and engaged in threatening behavior and were not disciplined by way of suspension or termination.
Viewing the evidence in a light most favorable to the plaintiff, this court finds that there is a genuine issue of material fact. It is possible that a jury could find that plaintiff did not receive negative evaluations until after she suffered the injury which resulted in a Worker's Compensation claim. A jury could also find that defendant then engaged in a pattern and practice of harassment and discrimination including suspending plaintiff and ultimately terminating her for behavior that other employees who had not filed Worker's Compensation claims were not disciplined for. A jury might believe that the suspension was discriminatory and that the entire process was therefore tainted by an intent to terminate plaintiff for filing a Worker's Compensation claim.
Finally, defendant would still be entitled to summary judgment if it presented legitimate business reasons for its decision.Conn. Gen. Stat. § 31-290a "does not require that an employer retain an employee who is unable to perform his or her work simply because that inability resulted from a work related injury." Erisoty v. Merrow Machine Co., 34 Conn. App. 708, 713
(1994). In this case, however, there is clearly a genuine issue of material fact as to whether plaintiffs inability to perform certain essential functions of the job was even the purported reason for termination. Accordingly, this argument is not availing to the defendant at this stage of the proceedings.
"[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Harschfield, 224 Conn. 240, 250
(1992). In this case, plaintiff has raised a factual predicate for her argument by way of allegations of disparate treatment.
For all the foregoing reasons, the defendant's motion for summary judgment is denied. CT Page 732
Chase T. Rogers Judge Of The Superior Court