[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RECONSIDERATION
FACTS
This action arises out of the termination of the plaintiff, Margaret Contois, by her employer, the defendants, Carmen Anthony Restaurant Group, LLC and Carmen Anthony Fishhouse, LLC (hereinafter "CARG" or "defendants"). From approximately June 1998 through January 4, 2000, the plaintiff was employed as a manager for the defendants, working at various restaurants owned by the defendants. The most relevant actions and conduct of this case occurred within a span of five days, December 31, 1999 to January 4, 2000. The following events are undisputed. The plaintiff worked as a manager of the defendants' Woodbury restaurant on New Year's Eve 1999. On January 1, 2000, Paul Burne, the restaurant's General Manager, arrived at the restaurant early and was unsatisfied with the restaurant's condition. He learned of questionable employee conduct involving employees' consumption of alcohol that, along with the condition of the restaurant, prompted him to contact CARG's president, Carmen Vacalebre. Burne confronted the plaintiff about the restaurant's condition and the consumption of alcohol. At that initial meeting with plaintiff, Burne was informed of an injury plaintiff had sustained to her foot in the course of her employment. On January 2, 2000, Burne learned more about the plaintiff's injury and continued investigating the events of New Year's Eve. On January 3, 2000, Burne concluded the investigation. Finally, on January 4, 2000, Burne met with the plaintiff and informed her that she was fired for two reasons: the poor condition of the restaurant on New Year's Day and the consumption of alcohol by employees the night of New Year's Eve.
The plaintiff commenced a six-count Complaint, dated July 18, 2000, against defendant. Four of the counts were stricken. After the plaintiff amended her complaint, the defendants filed a motion for summary judgment with respect to the two remaining counts: 1) wrongful termination in violation of Connecticut General Statutes § 31-290a and 2) tortious CT Page 3633 conduct in failing to provide timely workers' compensation benefits. This Court granted summary judgment regarding the latter count, but denied summary judgment with respect to the statutory wrongful termination claim. The defendants now seek reconsideration of the court's ruling denying their motion for summary judgment as to count one. Defendants argue that the plaintiff has not raised a genuine issue of material fact because plaintiff's retaliatory discharge claim is not supported by evidence that refutes defendants' evidence that plaintiff was terminated for legitimate business reasons. The plaintiff has timely filed a memorandum in opposition.
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id. at 386, 752 A.2d 503. "Summary judgment is inappropriate where the inferences that the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Tryonv. North Branford, 58 Conn. App. 702, 707, 755 A.2d 317 (2000). "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo,36 Conn. App. 791, 794, 654 A.2d 382 (1995). "[E]ven with respect to questions of motive, intent and good faith [however], the party opposing summary judgment must present a factual predicate for [her] argument in order to raise a genuine issue of material fact." Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 250, 618 A.2d 506 (1992).
General Statutes § 31-290a (a) provides: "No employer . . . shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." In Ford v. Blue Cross Blue Shield of Conn, Inc., 216 Conn. 40, 52, 578 A.2d 1054 (1990), the Connecticut Supreme Court relied on federal law to establish burden of proof requirements for § 31-290a actions.
The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination . . . If the plaintiff meets this CT Page 3634 initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, non-discriminatory reason for its actions . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity . . . The Plaintiff then must satisfy her burden of persuading the fact finder that she was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence . . .[1]Ford, 216 Conn. at 53-54 citing McDonnell Douglas Corporation v. Green,411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
To make out a prima facie case of retaliatory discharge the plaintiff must satisfy a three-prong test. The plaintiff must establish "(a) [protected activity, i.e.,] that he filed a claim for workers' compensation benefits or otherwise exercised his rights under chapter 568
of the Connecticut General Statutes [Workers' Compensation Act]; (b) an employment action disadvantaging the plaintiff; and (c) a causal connection between the protected activity and the adverse employment action." Gordon v. Yale-New Haven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 365472 (May 22, 1998) (Levin, J.); see also Erisoty v. Merrow Machine Co., 34 Conn. App. 709,712 n. 6, 708 A.2d 643, cert. denied, 231 Conn. 908, 648 A.2d 151
(1994).
The facts of the case implicate both the first and third prongs of theGordon test which require the plaintiff to demonstrate: (1) "she filed a claim for workers' compensation benefits or otherwise exercised her rights under" the Workers' Compensation Act and (2) "a causal connection between the protected activity and the adverse employment action." Specifically, with regard to the first prong, it is undisputed that the plaintiff did not file a claim for workers' compensation benefits prior to her dismissal; rather the claim was made after her discharge. In most cases arising under 31-290a the alleged retaliatory action occurs after the employee has applied for workers' compensation benefits. Although the Appellate Court has not addressed this issue, judges of the Superior Court have held that actual filing of a workers' compensation claim is not required by § 31-290a and the fact that the employer knew of the work related injury is sufficient to satisfy the first prong of the Gordon
test. Rosenberg v. Meriden Housing Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 377376 (October 29, 1999) (Licari, J.). See also, Nguyen v. Newberry Industries, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 571319 (October 31, 1997) (Hale, J.); Bundock v. Waste Management ofCT Page 3635Connecticut, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 123903 (January 26, 1993) (Lewis, J.) (8 Conn.L.Rptr. 263).
On January 1, 2000, the plaintiff notified Burne that "she would be seeking treatment for the injuries pursuant to her rights under Connecticut's workers' compensation statutes." (Complaint, Count one, ¶ 5.) Subsequent to her termination, she did in fact apply for such benefits. These unrefuted facts are sufficient to withstand defendants' claims in its motion for summary judgment that that sequence of events precludes a finding, as a matter of law, that defendants did not violate § 31-290a. The inferences to be drawn from these facts, insofar as they relate to the defendants' motive and intent in discharging the plaintiff, are matters properly entrusted to the fact finder and not susceptible to resolution in a summary judgment. Wadia Enterprises, Inc.v. Hirschfeld, supra, 224 Conn. at 250.
The defendants also contend that the plaintiff failed to meet the causal connection requirement because the plaintiff has not refuted their "legitimate business reason" argument. In this context the plaintiff does not have the burden of refuting the defendants' claim; rather, in opposing the motion for summary judgment the plaintiff must demonstrate the existence of disputed material facts. In this regard, "a causal connection may be established . . . by showing that the protected activity was followed closely by discriminatory treatment." See e.g.Matos v. Bristol Brd. of Educ., 204 F. Sup.2d 375, 383 (D.Conn. 2002). In this case, the plaintiff was fired three days after her employer was notified of the work related injury. While the slenderest of reeds on which to hang her discrimination argument, it is sufficient to survive the defendants' summary judgment claim. The plaintiff has satisfied the factual predicate requirement of Wadia. In construing the evidence in the light most favorable to the nonmoving plaintiff, a genuine issue of material fact exists as to whether or not discriminatory intent played a role in the defendants' decision to terminate the plaintiff.
 CONCLUSION
For the foregoing reasons, the defendants' motion for summary judgment as to count one is denied. The motion for reargument having been granted, the motion for summary judgment as to count one is hereby denied.
 SO ORDERED. HOLZBERG, J.
CT Page 3636