## PETER CHERNOVITZ *v.* PRESTON TRUCKING COMPANY
### (AC 17849)

Foti, Schaller and Dupont, Js.

Argued January 25—officially released April 6, 1999

*Matthias J. DeAngelo*, for the appellant (defendant).

*Nicholas A. D'Agosto IV*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. In this appeal, pursuant to General Statutes § 31-290a,[1] from a decision of a workers' compensation commissioner in favor of the plaintiff employee, the defendant employer claims that the commissioner failed to consider (1) whether the plaintiff met his burden of proof and (2) whether the defendant had a legitimate nondiscriminatory reason for challenging the findings of the plaintiff's treating physician. We affirm the commissioner's decision.

General Statutes § 31-290a (a) provides: "No employer . . . shall . . . in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him . . . ." The plaintiff's claim of discrimination was that he was not allowed to return to his regular duty of employment when he was released from work restrictions by his treating physician. The commissioner found the relevant facts that follow.

On August 12, 1992, the plaintiff, an employee of the defendant, sustained a work-related left shoulder injury while working for the defendant. The defendant accepted liability for the injury and paid the plaintiff a 25 percent specific award for permanent partial disability of the left shoulder. On April 5, 1994, Norman Kaplan, the plaintiff's treating physician, released the plaintiff for light duty work. The defendant provided the plaintiff with light duty work from April, 1994, until October, 1994, when the plaintiff was laid off because the defendant decided it would no longer provide light duty work

---

[1] General Statutes § 31-290a (b) provides in relevant part that any employee "discriminated against may either: (1) Bring a civil action in the superior court . . . or (2) file a complaint with the chairman of the Workers' Compensation Commission . . . . Any party aggrieved by the decision of the commissioner may appeal the decision to the Appellate Court."

to employees who had permanent restrictions.[2] On May 2, 1995, Kaplan gave the plaintiff a medical slip indicating that he could return to regular work duty.

The commissioner also found that Kaplan, in a written report of August 22, 1995, had released the plaintiff to his regular work as driver-utility man, and that the physician's report indicated that Kaplan had lifted the light duty restrictions that he had previously placed on the plaintiff in April, 1994. The commissioner concluded that the defendant should have permitted the plaintiff to return to regular work duty on August 22, 1995, but that the defendant did not allow the plaintiff to return to work until January 2, 1996, and, therefore, the defendant had discriminated against the plaintiff. The plaintiff has been performing his regular work since January, 1996. The commissioner did not order any lost wage reimbursement to the plaintiff because the plaintiff did not mitigate his damages by seeking work after being released by his physician. The commissioner ordered that the defendant reimburse the plaintiff for any sick and vacation time that he would have accumulated between August 22, 1995, and January 2, 1996, that the defendant make pension contributions for the plaintiff for the same period based on the salary the plaintiff would have earned at his regular employment, and that the defendant pay the plaintiff an attorney's fee of $2000.

The burden of proof in actions involving § 31-290a is stated in *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 53, 578 A.2d 1054 (1990), and *Chiaia* v. *Pepperidge Farm, Inc.*, 24 Conn. App. 362, 366, 588 A.2d 652, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991). "The plaintiff bears the initial burden of

---

[2] The defendant's union contract with the teamsters union states that "employees who, consistent with professional medical evaluations and opinion, may never be expected to receive an unrestricted medical release, shall not be eligible to participate in a modified work program."

proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy [the] burden of persuading the factfinder that [the plaintiff] was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Citations omitted; internal quotation marks omitted.) *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, supra, 53–54. *Chiaia* reiterates the *Ford* outline for the burden of proof in § 31-290a (a) cases.

A workers' compensation commissioner has the power to determine the facts and we cannot disturb them when reasonably found. *Erisoty* v. *Merrow Machine Co.*, 34 Conn. App. 708, 712, 708 A.2d 643, cert. denied, 231 Conn. 908, 648 A.2d 151 (1994). Conclusions drawn from those facts also cannot be disturbed unless they result from an incorrect application of the law to those facts or from an inference illegally or unreasonably drawn from them. *Dowling* v. *Slotnik*, 244 Conn. 781, 797–98, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998).

A discriminatory discharge does not include a discharge because the worker is unable to perform his or her work due to a work-related injury; *Chiaia* v. *Pepperidge Farm, Inc.*, supra, 24 Conn. App. 366; nor does it include a discharge occasioned by the neutral application of a policy. Id., 367.

The defendant claims that the plaintiff failed to prove a discriminatory intent of the defendant and failed to refute the defendant's evidence of nondiscriminatory reasons for the failure to allow the plaintiff to return to regular work duty. We do not agree.

The defendant's basic arguments are that it could refuse to credit Kaplan's change of diagnosis as to the permanency of the plaintiff's injury and still be without a discriminatory intent and that the defendant had met its burden of proving that it had a legitimate nondiscriminatory reason for its conduct. The defendant seeks reversal of the commissioner's order because the commissioner did not discuss the latter issue and because the commissioner must have had the same doubts as the defendant as to the variance between the Kaplan reports, as evidenced by the commissioner's order of another physical examination by a different physician.[3]

The plaintiff in this case does not claim that the discriminatory act occurred when he was laid off because the light duty work position was eliminated,[4] but claims that the discriminatory act was the failure to allow him to return to his regular duties after Kaplan's medical slip, issued before the physician's written report, allowed him to return to those duties as of May 8, 1995. The defendant argues that there was no discrimination at all for any period of time.

[3] A second physician performing a commissioner's examination at the request of the defendant on January 29, 1996, found that the plaintiff could perform his regular work but that he should avoid overhead work.

[4] Although the commissioner found that the defendant discriminated against the plaintiff because (1) the defendant laid off the plaintiff from his light duty job *and* (2) the defendant would not let the plaintiff return to his regular job upon the release by the plaintiff's treating physician, the commissioner limited the time period of discrimination to the period between August 22, 1995, and January 2, 1996. Neither party argues on appeal that the time period should have begun in October, 1994, when the plaintiff was laid off. Thus, it is only the second reason for discrimination with which we are concerned.

The commissioner's decision does not contain specific statements as to the standard of proof or the burden of proof. Briefs of the parties were submitted to the commissioner, however, in which the plaintiff correctly set out the burden of proof as stated in *Ford*. When a decision does not state what standard of proof is being used, the standard is deemed to be a fair preponderance of the evidence. *Schaffer* v. *Lindy*, 8 Conn. App. 96, 105, 511 A.2d 1022 (1986).

Here, the defendant made no motion to dismiss at the close of the plaintiff's case for failure to make out a prima facie case. It cannot now complain that the plaintiff failed to make out a prima facie case. For purposes of the establishment of a prima facie case, the trier must take as true the evidence offered by the plaintiff and interpret it in the light most favorable to the plaintiff, with every reasonable inference being drawn in favor of the plaintiff. *Berchtold* v. *Maggi*, 191 Conn. 266, 271, 464 A.2d 1 (1983). In any event, a review of the transcript of the hearing makes it evident that the plaintiff did make out a prima facie case. The plaintiff's allegations were proven by a fair preponderance of the evidence. The plaintiff testified that it was not the usual practice for employees of the defendant to be sent for a second medical opinion before allowing them to return to regular work, that he attempted to return to regular work after Kaplan reported that he could, that his attorney scheduled two informal hearings about his right to return to work but neither resulted in his being permitted to return to work. That testimony, coupled with the factual findings made by the commissioner, support the award to the plaintiff.

The defendant introduced no witnesses or evidence and rested its case at the conclusion of the plaintiff's case. The defendant, having failed to introduce any evidence at all, cannot now claim that it rebutted the presumption of discrimination. Without any evidence of

a "legitimate, nondiscriminatory reason for its actions"; *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, supra, 216 Conn. 53–54; the defendant has not carried its burden of production.

The commissioner's findings of the facts were reasonable and the law was correctly applied to them.

The decision of the workers' compensation commissioner is affirmed.

In this opinion the other judges concurred.