[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORADUM OF DECISION
The defendant moves for summary judgment on the plaintiff's complaint that claims a retaliatory discharge in violation of General Statutes § 31-290a.,[1]
The plaintiff, Gregory Scheurer, was an employee of the defendant, Probot, Incorporated. His single count complaint alleges that on March 15, 1996, he crushed his hand between a hand truck and a piece of heavy machinery while working for the defendant, for which injury he received workers' compensation benefits. The plaintiff alleges that the defendant discharged him on April 30, 1996, in violation of § 31-290a, because "he had exercised the specific rights afforded him pursuant to the provisions of the Workers' Compensation Act."
The defendant has filed a motion for summary judgment in which it argues that the plaintiff must show that he was physically able to perform the functions of his position in order CT Page 10078 to state a prima facie case under § 31-290a. The defendant has submitted an excerpt of the plaintiff's deposition in support of its motion. The plaintiff has submitted his own affidavits in opposition to the motion, together with employee performance evaluations dated January 21, 1996, April 4, 1995 and January 15, 1995, pre-dating his injury.
"`Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Miller v.United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law;D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46]. . . . Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994) ". . . Doty v. Mucci, 238 Conn. 800, 805-806,679 A.2d 945 (1996)." Dowling v. Finely Associates, Inc.,248 Conn. 364, 369-70, 727 A.2d 1245 (1999). "The test to be applied would be whether a party is entitled to a directed verdict on the same facts. Danziger v. Shaknaitis, [33 Conn. App. 6, 10,632 A.2d 1130 (1993)]; Cortes v. Cotton, [31 Conn. App. 569, 572-73,626 A.2d 1306 (1993)]." Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 383, 635 A.2d 1232, cert. denied, 228 Conn. 928,640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . . Ciarelli v.Romeo, 46 Conn. App. 277, 282, 699 A.2d 217, cert. denied,243 Conn. 929, 701 A.2d 657 (1997)." Krondes V. Norwalk SavingsSociety, 53 Conn. App. 102, 112, 728 A.2d 1103 (1999).
Preliminarily, the plaintiff argues that the defendant's motion for summary judgment is improper because it relies on a portion of the plaintiff's deposition. "A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200." Esposito V. Wethered, 4 Conn. App. 641. 645, 496 A.2d 222 (1985). This unremarkable statement in Esposito
CT Page 10079 spawned some inexplicable misunderstanding among some Superior Court judges "as to whether deposition testimony, either uncertified or certified, may be considered for the purposes of a motion for summary judgment pursuant to Practice Book § [17-49]." Schratwieser v. Hartford Casualty Ins. Co.,44 Conn. App. 754, 756 n. 1, 692 A.2d 1283, cert. denied, 241 Conn. 915,696 A.2d 340 (1997). The Appellate Court now has held, just as unremarkably, that "[w]hile [a] plaintiff's deposition testimony is not conclusive as a judicial admission; General Statutes §52-200; it is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact. See Practice Book § [17-45]." Collum v. Chapin, 40 Conn. App. 449, 450 n. 2,671 A.2d 1329 (1996)
The plaintiff has not presented any affidavits or other documentation conflicting with his testimony in the portion of the deposition presented by the defendant in support of its motion for summary judgment. In fact, the plaintiff's affidavit accords with his deposition testimony. That evidence establishes, and there is no question of material fact, that since his work related accident on March 15, 1996, the plaintiff has not been able to perform the duties of the position that he held with the defendant. The defendant argues that the plaintiff, therefore, cannot establish a prima facie case of workers' compensation retaliation pursuant to § 31-290a.
"Whether the plaintiff has established a prima facie case is a question of law." Middletown Associates v. Family DollarStores, 47 Conn. App. 723, 726, 706 A.2d 1376 (1998). "A plaintiff has failed to make out a prima facie case "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff.' Minicozzi v. AtlanticRefining Co., 143 Conn. 226, 230, 120 A.2d 924 (1956). . . ."Loiseau V. Board of Tax Review, 456 Conn. App. 338, 342,699 A.2d 265 (1997).
"Section 31-290a was designed to protect employees who file for workers compensation benefits. . . ." Chiaia v. PepperidgeFarm, Inc., 24 Conn. App. 362, 365, 588 A.2d 652, cert. denied,219 Conn. 907. 593 A.2d 133 (1991). "In setting forth the burden of proof requirements in a § 31-290a action [Connecticut courts] look to federal law for guidance." Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 53, 578 A.2d 1054
CT Page 10080 (1990).
"In McDonnell Douglas Corporation v. Green, 411 U.S. 792,93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court set forth the basic allocation of the burdens and order of presentation of proof in cases involving claims of employment discrimination. The plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. Id., 802. In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. Texas Department of Community Affairsv. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207
(1981). If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. McDonnell DouglasCorporation v. Green, supra. `If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity.' Texas Department of Community Affairs v.Burdine, supra, 255. The plaintiff then must satisfy her burden of persuading the fact finder that she was the victim of discrimination `either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.' Id., 256; see McDonnellDouglas Corporation v. Green, supra, 804-805." Ford v. Blue Cross Blue Shield of Connecticut, Inc., supra, 216 Conn. 53-54.
Thus, under the burden shifting formula "of McDonnell DouglasCorporation v. Green, the plaintiff is initially required to establish a prima facie case of retaliatory discharge. "The [plaintiff] must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the [employee] because [he] had exercised [his] rights under the Workers' Compensation Act. [Ford v. Blue Cross Blue Shield ofConnecticut, Inc., supra, 210 Conn.] 53-54. Without some proof of an improper motive, [a plaintiff's] case must fail. See id.'Chiaia v. Pepperidge Farm, Inc., supra, 24 Conn. App. 366."Erisoty v. Merrow Machine Co., 34 Conn. App. 708, 711,708 A.2d 643, cert. denied, 231 Conn. 908, 648 A.2d 151 (1994).
The plaintiff states in his affidavit that as a result of his injury, he was unable to complete most of the duties of his position with the defendant who hired a substitute and assigned CT Page 10081 the plaintiff the duty of training the substitute. The plaintiff further states in his affidavit that the defendant discharged him six weeks after the injury, and after he had been given light work, stating that he was no longer a "team player." This satisfies the plaintiff's burden of production under Ford.
The defendant's contention that the plaintiff cannot establish a prima facie case under § 31-290a because the he cannot show that he is able to perform his usual work for the defendant is based on language in Erisoty V. Merrow Machine Co.,
supra, 34 Conn. App. 713, where the Appellate Court stated: "Section 31-290a "does not require an employer to retain an employee unable to perform his or her work simply because that inability resulted from a work related injury or illness. See, e.g., Hines v. United Parcel Service, Inc., 736 F. Sup. 675, 678
(D.S.C. 1990); Fergerstrom v. Datapoint Corporation, 680 F. Sup. 1456
(D. Hawaii 1988); Smith v. Electrical System Division ofBristol Corporation, 557 N.E.2d 711 (Ind.App. 1990); Rowland v.Val-Agri, Inc., 13 Kan. App. 2d 149, 766 P.2d 819 (1988);Mitchell v. St. Louis County, 575 S.W.2d 813 (Mo.App. 1978);Galante v. Sandoz, Inc., 192 N.J. Super. 403, 410, 470 A.2d 45
(1983), aff'd, 196 N.J. Super. 568, 483 A.2d 829 (1984); Duncanv. New York State Developmental Center, 63 N.Y.2d 128,470 N.E.2d 820 (1984). Businesses would suffer significant losses if they were prevented from filling employment vacancies after the lapse of a reasonable period of time. See Duncan v. New York StateDevelopmental Center, supra, 135.' Chiaia v. Pepperidge Farm,Inc., supra, 24 Conn. App. 366-67." See also Chernovitz v.Preston Trucking Co., 52 Conn. App. 570, 573, 729 A.2d 222 (1999)
Our appellate courts, however, have never held that ability to perform the usual duties of one's employment is an element of a prima facie case under § 31-290a. Section § 31-290a
does not permit an employer to discharge a work related disabled employee because that employee exercised his rights under the Workers' Compensation Act. While § 31-290a does not require an employer to find other duties for such an employee or otherwise accommodate his disability; Smith v. Electrical SystemDivision of Bristol Corp., supra, 557 N.E.2d 713 (cited with approval in Erisoty, supra); compare Haw. Rev. Stat. § 378Z32 (2)[2]; where an employer would have done so but for the employee's exercise of his rights, a claim under § 31-290a is stated. Here, the plaintiff has presented evidence that after his work related accident, he was given light work and not discharged for several weeks after he had been rendered unable to perform CT Page 10082 the usual duties of his employment. His claim that he was told that he was being fired because he no longer was "a team player," if credited, suggests that he was discharged other than because of his inability to work.
Contrary to the defendant's contention, ability to perform the usual duties of one's employment is not an element of a claim under § 31-290a. Rather, discharging an employee simplybecause of inability to perform such duties is not a discharge because of the exercise of rights under chapter 568. Chernovitzv. Preston Trucking Co., supra, 52 Conn. App. 573 ("A discriminatory discharge does not include a discharge because the worker is unable to perform his or her work due to a work-related injury . . . (Emphasis added.) For this reason, the motion for summary judgment is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court