[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO STRIKE (#113)
I. Factual and Procedural Background
On August 6, 1999, the plaintiff, Verle Robinson, filed a nine count first amended complaint dated August 4, 1999 against the defendants, Connecticut Rental Centers, Inc. ("CRC, Inc.") and Thomas J. Byrne ("Byrne"). The following counts are at issue here: count one, as to both defendants, alleging discrimination in violation of General Statutes §§ 46a-58 (a) and 46a-60 (a),[1] count two, as to both defendants, alleging discrimination in violation of Title VII of the Civil Rights Act as amended, 42 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991; count three, as to CRC, Inc., alleging violation of the Workers' Compensation Act, General Statutes § 31-290a[2] and count nine, as to both defendants, alleging violation of General Statutes §31-49.[3]
CT Page 9591
The plaintiff alleges the following relevant facts: The plaintiff is a black African American male. CRC, Inc. is an employer who employs more than fifteen persons and Byrne is a senior level individual employed by CRC, Inc. The plaintiff was employed by CRC, Inc. in a full-time capacity as a tent erector and Bryne was his supervisor. On July 9, 1997, the plaintiff sustained a job-related injury, a strain of his back. The plaintiff was eligible to return to work on light duty status on July 16, 1997, and again on July 23, 1997, but CRC, Inc. refused to allow him to do so. The plaintiff was subject to light duty restrictions in that he was restricted from lifting above certain weight levels, but beyond that, was physically able to return to regular duty. The plaintiff was subject to racially directed comments, jokes and innuendo from employees of CRC, Inc., including from Byrne, and was treated differently from other non-black employees. The plaintiff verbalized his dissatisfaction with this conduct.[4] Byrne has direct knowledge and awareness of the language and types of remarks being made to the plaintiff and in some cases, "participated in the banter." The plaintiff's complaints were ignored. The plaintiff consulted with a psychiatrist who advised him against returning to work and the plaintiff resigned.
The plaintiff alleges that the failure to return him to light duty was a direct result of his race and color, and his complaints about the harassing and hostile work environment he was experiencing. He also alleges that he was retaliated against in the delegation of assignments without proper equipment because of his race and color, and his complaints about the harassing and hostile work environment.
Pursuant to §§ 46a-100, 46a-101 and 46a-102, the Commission on Human Rights and Opportunities may release jurisdiction over complaints and the complainant may commence a civil suit in the superior court. The plaintiff requested and received a release from the Commission on Human Rights and Opportunities and filed suit here. On February 10, 2000, the defendants filed a motion to strike counts one and two, as to Byrne only, and counts three[5] and nine as to both defendants. The defendants move to strike counts one and two, as to Byrne only, on the ground that he is not an employer, and therefore, may not be individually liable for alleged acts of discrimination. The defendants move to strike count three, as to both of them, on the ground that the plaintiff failed to allege a prima facie claim for retaliatory discharge as prohibited by § 31-290a.[6] They also move to strike count nine, as to both of them, on the ground that § 31-49 does not provide a private right of action, and if it does, a claim under it is barred here by the exclusivity provision of the Workers' Compensation Act. On April 19, 2000, the plaintiff filed an objection dated April 10, 2000.
For the reasons stated below, the motion to strike count one, as to CT Page 9592 Byrne only, is granted; the motion to strike count two, as to Byrne only, is granted; the motion to strike count three, as to CRC, Inc. only, is granted;[7] and the motion to strike count nine, as to both CRC, Inc. and Byrne, is granted.
II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 839 (1996). The court must take as true the facts alleged, including those "facts necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 639 A.2d 293 (1997).
III. Discussion
 A. Count One — General Statutes §§ 46a-58 (a) and 46a-60 (a)
The defendants move to strike count one, as to Byrne only, on the ground that the plaintiff fails to state a claim upon which relief may be granted because Byrne is not an employer, and therefore, may not be individually liable for alleged acts of discrimination in violation of General Statutes §§ 46a-58 (a) and 46a-60 (a) under the Connecticut Fair Employment Practices Act, § 46a-51, et seq. ("CFEPA").
In response, the plaintiff argues that he has stated a claim upon which relief may be granted because Byrne was his supervisor. The plaintiff argues that there is a split of authority on the issue of whether a supervisor, such as Byrne, may be individually liable for alleged acts of discrimination in violation of General Statutes §§ 46a-58 (a) and 46a-60
(a), and that the weight of authority supports placing individual liability upon Byrne because he was a supervisory employee.
General Statutes § 46a-60 (a)
CT Page 9593
The plaintiff does not allege what number(s) of General Statutes §46a-60 (a) he is relying on as basis for his cause of action. Instead, he makes a broad-based allegation claiming violation of § 46a-60 (a). The numbers of the General Statutes that may be potentially relevant, as to Byrne, based on the facts alleged here are § 46a-60 (a)(1), (4) and (5).
Section 46a-60 (a)(1) provides, "(a) [i]t shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color."
Section 46a-60 (a)(4) provides, "(a) [i]t shall be a discriminatory practice in violation of this section: . . . (1) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or46a-84."
Section 46a-60 (a)(5) provides, "(a) [i]t shall be a discriminatory practice in violation of this section: . . . (5) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so."
This court is not aware of any appellate authority in Connecticut addressing the issue of whether an individual employee or supervisory employee may be held liable under § 46a-60. With respect to §§46a-60 (a)(4) and (5), the superior courts have clearly stated that an individual employee or supervisory employee may be held liable for violations of these statute numbers. General Statutes § 46a-60 (a) (4) provides that it shall be discriminatory practice in violation of this section "[f]or any person . . . to discriminate against any person . . . ." The superior courts have clearly stated that an individual employee or supervisory employee may be held liable for violation of § 46a-60 (a)(4). Kavy v. New Britain Board of Education, Superior Court, judicial district of New Britain, Docket No. 492921 (August 10, 1999, Graham, J.) (stating that "[t]he statute applies to `any person' and not just `employers' under the CFEPA"); Dombrowski v. EnvirotestSystem, Superior Court, judicial district of New Haven, Docket No. 412518 (August 10, 1999, Fracasse, J.) (finding that the language of the statute "leads to the conclusion that a cause of action against an individual is CT Page 9594 permitted under this section"); Sefsik v. Fiandra, Superior Court, judicial district of Danbury, Docket No. 326723 (August 5, 1998, Rogers,J.) (finding defendants can be held individually liable because the legislature specifically included the term "person" and the defendants fall within the plain meaning of the term). General Statutes § 46a-60
(a)(5) provides that it shall be discriminatory practice in violation of this section "[f]or any person . . . to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice." The superior courts have clearly stated that an individual employee or supervisory employee may be held liable for violation of § 46a-60 (a)(5). Kavy v. New Britain Board of Education, supra, Superior Court, Docket No. 492921 (stating that "the legislature has expressly provided that employees who aid and abet others in discriminatory employment practices may be liable under § 46a-60 (a) (5)").
However, with respect to § 46a-60 (a)(1), there is a split of authority within the superior courts regarding this issue. General Statutes § 46a-60 (a)(1) provides that it shall be discriminatory practice in violation of this section "[f]or an employer, by himself or his agent . . . to discriminate against him [any individual employee] . . . because of the individual's race, color." Superior courts that have specifically addressed § 46a-60 (a)(1) on the issue of whether an individual employee or supervisory employee may be held liable, have held that there is no liability. Sefsik v. Fiandra, supra, Superior Court, Docket No. 326723 (explaining that "Employer," as defined by General Statutes § 46a-51 (10) includes "any person or employer with three or more persons in his employ" and "[t]his language makes it clear that the individual defendants are not employers as defined by the statute);Nwachukwu v. State Department of Labor, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 573595 (December 17, 1997, Rittenband, J.) (finding that "the phrase `with three or more persons in his employ' modifies both employer and person" and therefore, the supervisory employee may not be held individually liable).
Superior courts that have addressed this issue by broadly referencing § 46a-60 have also held that there is no liability. Linhle v.Connecticut Department of Transportation, Superior Court, judicial district of New Britain at New Britain, Docket No. 491121 (August 10, 1999, Robinson, J.) (concurring with the reasoning as stated above inNwachukwu v. State Department of Labor, supra, Superior Court, Docket No. 573595, on the issue of whether or not a supervisor may be sued as an employer under § 46a-60); Martinez-Duffy v. DeJesus, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 545193 (May 1, 1996, Wagner, J.) (granting motion to strike on the ground that a cause of action under § 46a-60 is insufficient because "supervisors CT Page 9595 are not employers and are not the intended defendants within the meaning of this statute").
However, this court is also aware of at least two other superior courts that have addressed this issue and found that there may be liability,Dombrowski v. Envirotest System, supra, Superior Court, Docket No. 412518, and Lueneburg v. Mystic Dental Group, Superior Court, judicial district of New London, Docket No. 535839 (August 1, 1996, Hurley J.).Dombrowski v. Envirotest System, supra, Superior Court, Docket No. 412518 (emphasizing the words in § 46a-60 (a)(1), "an employer, by himselfor his agent," the court found that a supervisory employee may be liable under the statute); Lueneburg v. Mystic Dental Group, supra, Superior Court, Docket No. 535839 (addressing the issue of whether a supervisory employee may be held liable under the CFEPA, §§ 46a-51 et seq., but not referencing a specific statute section of the CFEPA, the court found that supervisory employees may be held individually liable under the CFEPA). In doing so, the Lueneburg court distinguished the statutory definitions and remedies provided for under the CFEPA, with those provided for under the Age Discrimination in Employment Act and29 U.S.C. § 621 et Seq., Title VII of the Civil Rights Act of 1964, both of which fail to impose liability on individual employees. Id. TheLueneburg court stated that "these differences are intended to express a legislative intent to allow supervisory employees to be held individually liable for discrimination." Id.
Although it is clear here that the plaintiff is alleging violation of § 46a-60 (a) as to Byrne, it is not clear, based on the facts alleged, under which number(s) of the statute the plaintiff is making his claim(s). The plaintiff alleges that the failure to return him to light duty was a direct result of his race and color, and his complaints about the harassing and hostile work environment he was experiencing. He also alleges that he was retaliated against in the delegation of assignments without proper equipment because of his race and color, and his complaints about the harassing and hostile work environment. He alleges that Byrne was his supervisor, had knowledge of the remarks he was experiencing, and participated in the racially directed comments at times. He also alleges that he was eligible to return work on light duty status, but was refused to do so. Clearly, all statute numbers of §46a-60 (a)(1) through (11) are not at issue here based on the facts alleged.[8] However, since the law supports liability for a supervisory employee under statute numbers § 46a-60 (a)(4) and (5), but is split under statute number § 46a-60 (a)(1), the court will not speculate as to under what number(s) of the statute the plaintiff is bringing his claim(s).
General Statutes § 46a-58 (a)
CT Page 9596
General Statutes § 46a-58 (a) provides, "[i]t shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, blindness or physical disability."
"[Section] 46a-58 (a) does not encompass claims of discriminatory employment practices that fall within the purview of § 46a-60."Commission on Human Rights Opportunities v. Truelove Maclean, Inc.,238 Conn. 337, 346, 680 A.2d 1261 (1996). See Yancey v. Allstate Ins.Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 573357 (November 2, 1999, Peck, J.); Conway v. Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 553003 (February 4, 1997, Hale, J.). "It is a well-settled principle of [statutory] construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." (Internal quotation marks omitted.) Commission on Human Rights Opportunities v. Truelove Maclean, Inc., supra, 238 Conn. 346. "Unlike § 46a-58 (a), which generally forbids `any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, blindness or physical disability,' § 46a-60 specifically prohibits discriminatory employment practices. Accordingly, the specific, narrowly tailored cause of action embodied in § 46a-60 supersedes the general cause of action embodied in § 46a-58 (a)." Id.
As already stated above, it is clear here that the plaintiff is alleging discriminatory employment practices in violation of § 46a-60
(a) as to Byrne. All the allegations stem from alleged discriminatory employment practices. Therefore, no action can lie under § 46a-58
(a).
In summary, the court will not speculate as to under what number(s) of § 46a-60 (a) the plaintiff is bringing his claim(s), and no action can lie under § 46a-58 (a) because the plaintiff is alleging discriminatory employment practices under § 46a-60 (a).
Accordingly, the motion to strike count one, as to Byrne only, is granted.
B. Count Two — Title VII of the Civil Rights Act as amended, 42CT Page 9597 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991
The defendants move to strike count two, as to Byrne only, on the ground that he is not an employer, and therefore, may not be individually liable for alleged acts of discrimination in violation of Title VII of the Civil Rights Act as amended, 42 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991.
In his objection to defendants' motion to strike, the plaintiff states that "in light of the decision cited by the Defendants [Tomka v.Seiller, 66 F.3d 1295 (2nd Cir 1995) (finding that there is no individual liability under Title VII)], the Plaintiff concedes that there is no individual liability under Title VII in the Second Circuit at this point in time." Objection To Defendants' Motion To Strike, p. 5. SeeNwachukwu v. State Department of Labor, supra, Superior Court, Docket No. 573595; Lueneburg v. Mystic Dental Group, supra, Superior Court, Docket No. 535839.
Accordingly, the motion to strike count two, as to Byrne only, is granted.
C. Count Three — General Statutes § 31-290a
The defendants move to strike count three on the ground that the plaintiff failed to allege a prima facie claim for retaliatory discharge as prohibited by General Statutes § 31-290a.[9] The defendants argue that the plaintiff is really alleging a violation § 31-313 and that he is only entitled to the remedy available under § 31-313, a claim to the workers' compensation commissioner.
In response, the plaintiff argues that it is alleging a violation of § 31-313, that CRC, Inc. failed to make light duty work available, as a basis for his discrimination/retaliation claim under § 31-290a. Therefore, the plaintiff argues that he can bring his claim under §31-290a, instead of under § 31-313, and assert his choice of remedies available under § 31-290a, by bringing his claim to the superior court.
General Statutes § 31-290a provides, in pertinent part, "(a) [n]o employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers'compensation benefits or otherwise exercised the rights afforded to himpursuant to the provisions of this chapter. (b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has CT Page 9598 its principal office . . . or (2) file a complaint with the chairman of the Workers' Compensation Commission alleging violation of the provisions of subsection (a) of this section." (Emphasis added.)
General Statutes § 31-313 provides, in pertinent part, "(a)(1) [w]here an employee has suffered a compensable injury which disables him from performing his customary or most recent work, his employer at the time of such injury shall transfer him to full-time work suitable to his physical condition where such work is available . . . . (2) Thecommissioner shall conduct a hearing upon the request of an employee whoclaims his employer has not transferred him to such available suitablework. Whenever the commissioner finds that the employee is so disabled, and that the employer has failed to transfer the employee to such available suitable work, he shall order the employer to transfer the employee to such work . . . . (c) Whenever the commissioner finds that an employer has failed to comply with the transfer requirements of subdivision (1) of subsection (a) of this section, or has failed to comply with any transfer order issued by him pursuant to this section, he may assess a civil penalty of not more than five hundred dollars against the employer." (Emphasis added.)
"General Statutes 31-290a was designed to protect plaintiffs who file for workers' compensation benefits and `is in essence a statutorily created tort deriv[ed] from the action for wrongful discharge set forth in Sheets [v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 427 A.2d 385
(1980)].' In order to establish a prima facie case under General Statutes31-290a, the plaintiff bears the initial burden of demonstrating discrimination by a preponderance of the evidence. The plaintiff must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the employee because he orshe had exercised his or her rights under the Workers' Compensation Act.
Without some proof of an improper motive, a plaintiffs case must fail. Therefore, [a plaintiff's] argument that General Statutes 31-290a
supports a cause of action absent some evidence of the defendant's improper motive is without legal basis." (Citations omitted; emphasis added.) Chiaia v. Pepperidge Farm, Inc., 24 Conn. App. 362, 365-66,588 A.2d 652, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991). In bothChiaia v. Pepperidge Farm, Inc., supra, 24 Conn. App. 363, and Chernovitzv. Preston Trucking Co., 52 Conn. App. 570, 571, 729 A.2d 222 (1999), the plaintiffs alleged discrimination or retaliatory discharge for their filing of workers' compensation claims under § 31-290a (a). "In order to meet the initial burden of proof in a claim arising under General Statutes 31-290a, the plaintiffs would have had to present some evidence of the defendant's discriminatory intent." Chiaia v. Pepperidge Farm,Inc., supra, 24 Conn. App. 369. CT Page 9599
In order to bring a claim here under § 31-290a, the plaintiff must allege discrimination by CRC, Inc. for either one of two reasons: (1) because he filed a claim for workers' compensation benefits, or (2) because he otherwise exercised the rights afforded to him pursuant to the provisions of this chapter. General Statutes § 31-290a (a). The plaintiff alleges neither. The plaintiff alleges a discriminatory act, that CRC, Inc. discriminated against him by failing to make available to him light duty work. However, it is unsupported by an alleged discriminatory motive, which is required under § 31-290a (a) for bringing a cause of action pursuant to this statute. There is no allegation that the plaintiff is bringing this action because CRC, Inc. discriminated against him because he filed a claim for workers' compensation benefits. General Statutes § 31-290a (a). The plaintiff only alleges that he made some verbal complaints about the harassing and hostile work environment he was experiencing.[10] Nor is there an allegation that the plaintiff is bringing this action because CRC, Inc. discriminated against him because he otherwise exercised the rights afforded to him pursuant to the provisions of this chapter. General Statutes § 31-290a (a). Section 31-313 is within this chapter and does provide the right for transfer to work suitable, where such work is available, during a period of treatment, rehabilitation, or physical incapacity. General Statutes § 31-313 (a)(1). However, the statute also delegates enforcement of violations by employers with the workers' compensation commission upon an employees claim that his employer has not transferred him to work suitable. General Statutes § 31-313 (a)(2). Section 31-313 (a)(2) provides that "[t]he commissioner shall conduct a hearing upon the request of an employee who claims his employer has not transferred him to such available suitable work." The statute provides an administrative remedy for an employee whose employer fails to comply with these transfer requirements. There is no allegation that this administrative remedy has been exercised. Wright v. Turner SeymourManufacturing Co., Superior Court, judicial district of Litchfield, Docket No. 54079 (June 25, 1991, Pickett, J.) (granting motion to strike count four because "plaintiff failed to exhaust the remedy available to him in section 31-313 (a)(2) and is not entitled to maintain an action pursuant to section 31-290a").
Chiaia v. Pepperidge Farm, Inc., supra, 24 Conn. App. 362, andChernovitz v. Preston Trucking Co., supra, 52 Conn. App. 570, are instructive on the issue of whether the plaintiff must first exhaust his administrative remedy under § 31-313 (a)(2) if he is going to use this as a basis for alleging a § 31-290a cause of action. In both of these cases, the plaintiffs filed claims with the workers' compensation commission and the commissioner did address the employees claims. SeeChiaia v. Pepperidge Farm, Inc., supra, 24 Conn. App. 362-64, 368 n. 7;Chernovitz v. Preston Trucking Co., supra, 52 Conn. App. 570, 571-72, 574
CT Page 9600 n. 4.
Accordingly, the motion to strike count three, as to CRC, Inc. only, is granted.[11]
 D. Count Nine — General Statutes § 31-49
The defendants move to strike count nine, as to both of them, on the ground that General Statutes § 31-49 does not provide a private right of action, and if it does, it would be barred by the exclusivity provision of the Workers' Compensation Act, §§ 31-284 et seq.[12]
They argue that § 31-49 is a labor safety statute being used to advance a discrimination claim.[13]
In response, the plaintiff argues that recent authority permits a claim for violation of § 31-49 as a private right of action. The plaintiff argues that CRC, Inc. and Byrne's conduct violates an important public policy as set forth in § 31-49 in that they "abrogated their obligation to protect him from emotional distress caused by unfit co-workers." First Amended Complaint, Count IX, para. 27. The plaintiff also argues that their conduct "created a great degree of emotional distress which in turn created conditions which constructively discharged the Plaintiff from his employment." First Amended Complaint, Count IX, para. 28.
General Statutes § 31-49 provides, "[i]t shall be the duty of the master to exercise reasonable care to provide for his servant a reasonably safe place in which to work, reasonably safe appliances and instrumentalities for his work and fit and competent persons as his colaborers and to exercise reasonable care in the appointment or designation of a vice-principal and to appoint as such vice-principal a fit and competent person. The default of a vice-principal in the performance of any duty imposed by law on the master shall be the default of the master."
Some superior courts have held that § 31-49 does not create an independent cause of action for alleged claims of emotional distress.Drolette v. Harborside Healthcare Corp., Superior Court, judicial district of New Haven at Meriden, Docket No. 266417 (August 9, 1999,Beach, J.) (on alleged claims of emotional distress in that employer created an unsafe workplace in violation of § 31-49, found that § 31-49 does not create an independent cause of action, as it is expressly to be enforced by the Labor Commissioner, pursuant to §31-50);[14] Karanda v. Pratt Whitney Aircraft, Superior Court, judicial district of Hartford at Hartford, Docket No. 582025 (May 10, 1999, Hale, J.) (on alleged claims of emotional distress in violation CT Page 9601 § 31-49, found that § 31-49 does not create the basis of a private cause of action, but rather, provides a public policy basis for a wrongful termination cause of action or the basis for establishing a duty of an employer in a negligence case); Swaney v. Pfizer, Inc., Superior Court, judicial district of New London at New London, Docket No. 541984 (March 17, 1999, Mihalakos, J.) (on alleged claims of emotional distress, found that § 31-49 does not provide a private cause of action, but rather, bolsters a plaintiff's claim for wrongful discharge).
Another superior court has held that § 31-49 does create an independent cause of action for alleged claims of emotional distress.Brunelle v. Reuters Analytics Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566808 (January 29, 1998,Rittenband, J.) (in action brought for wrongful termination claiming violation of § 31-49, the court concluded that allegations that an employee is subject to emotional distress alone, as a result of the conditions of the work place, suffice to allege a cause of action under § 31-49).
In Parsons v. United Technologies Corp., 243 Conn. 66, 79-80,700 A.2d 655 (1997), the plaintiff alleged an action for wrongful discharge. The court held that § 31-49 gives an employee a cause of action for wrongful discharge against an employer transacting business in Connecticut if the employee is discharged for refusing to work under conditions that pose a substantial risk of death, disease or serious physical harm and that are not contemplated within the scope of the employee's duties." (Emphasis added.) Id., 80.
The plaintiff here has alleged a private right of action under §31-49 in his discrimination case. He has alleged that CRC, Inc.'s and Byrne's conduct violates an important public policy as set forth in § 31-49 in that they "abrogated their obligation to protect him from emotional distress caused by unfit co-workers" and "created a great degree of emotional distress which in turn created conditions which constructively discharged the Plaintiff from his employment." First Amended Complaint, Count IX, para. 27, 28.
The court here is persuaded by the reasoning set forth in Drolette v.Harborside Healthcare Corp., supra, Superior Court, Docket No. 266417. "The defendant argues that the first count does not state a cause of action because § 31-49 of the General Statutes does not create an independent cause of action. I agree with the decisions of Karanda v.Pratt Whitney Aircraft, 1999 Conn. Super. LEXIS 1244, CV 98 582025 (J.D. of Hartford-New Britain, May 10, 1999) (Hale, JTR), andSwaney v. Pfizer, 5 Conn. Ops. 397, No. 541984 (J.D. of New London, March CT Page 9602 15, 1999) (Mihalakos, J.). These decisions hold that § 31-49 does not create an independent cause of action, as it is expressly to be enforced by the Labor Commissioner, pursuant to § 31-50." Id. "Indeed, if § 31-49 were construed to establish an independent cause of action in tort for damages arising out of an unsafe workplace, there would be an inconsistency with the exclusive remedy of workers' compensation." Id.Brunelle v. Reuters Analytics Inc., supra, Superior Court, Docket No. 566808 and Parsons v. United Technologies Corp., supra 243 Conn. 66, are distinguished because in these cases § 31-49 was alleged as a basis for a wrongful termination case.
Accordingly, the motion to strike count nine, as to both CRC, Inc. and Byrne, is granted.
IV. Conclusion
For the foregoing reasons, the motion to strike count one, as to Byrne only, is granted; the motion to strike count two, as to Byrne only, is granted; the motion to strike count three, as to CRC, Inc. only, is granted;[15] and the motion to strike count nine, as to both CRC, Inc. and Byrne, is granted.
It is so ordered.
By the court
Gordon, Judge