[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Beverly Baillargeon, filed a seven count revised complaint against the defendant, First Union National Bank, on August 29, 2000, arising from the termination of her employment. The plaintiff alleges that she was discharged from her employment because of absences due to a work-related injury. The plaintiff alleges breach of contract (count one), violation of public policy/General Statutes § 31-290a
(count two), breach of implied covenant of good faith and fair dealing (count three), intentional infliction of emotional distress (count four), violation of the Connecticut Unfair Trade Practices Act, CUTPA (count five), negligent misrepresentation (count six), and false light invasion of privacy (count seven). On October 18, 2000, the defendant filed a motion to strike counts one through seven on the grounds that the plaintiff has failed to allege claims upon which relief can be granted.
A motion to strike challenges the legal sufficiency of the complaint.Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). "[The court] must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to CT Page 5840 sustaining its legal sufficiency. . . ." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998).
Count One: Breach of Contract
The plaintiff alleges that there is an express employment agreement between the plaintiff and defendant; that as long as she fulfilled the conditions of the agreement her employment was permanent; and that the plaintiff reasonably expected she would not be terminated unless there was just cause.
The defendant argues that because count one does not specify in what form the "express agreement" exists and alleges mere expectation of employment for cause, the employment of the plaintiff was at will. Therefore, the defendant argues that count one should be stricken for failing to allege facts to support a claim for breach of contract. The plaintiff argues that she alleges facts which are sufficient to support a claim for breach of contract.
Count one merely alleges that the plaintiff expected that her employment would continue absent just cause for her discharge. The plaintiffs expectations alone do not constitute a contract. "The mere fact that the plaintiff believed the guidelines to constitute a contract does not bind [the employer] without some evidence that it intended to be bound by such a contract. Christensen v. Bic Corp., 18 Conn. App. 451,458, 558 A.2d 273 (1989). The plaintiff has alleged no such facts. The motion to strike count one is granted.
Count Two: Public Policy/General Statutes § 31-290a
General Statutes § 31-290a (a) provides, in relevant part: "No employer who is subject to the provisions of this chapter [Workers' Compensation Act] shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed aclaim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." (Emphasis added.) "Under the Workers' Compensation Act . . . an employee may bring a civil action to recover damages for a retaliatory discharge by his or her employer. General Statutes § 31-290a." Sorrentino v.All Seasons Services, 245 Conn. 756, 758, 717 A.2d 150 (1998).
The defendant argues that the plaintiff does not allege that her termination was motivated by her claim for workers' compensation benefits, and, therefore, the plaintiff has not alleged facts which support a claim under General Statutes § 31-290a. The defendant also CT Page 5841 argues that count two fails to allege that the plaintiff's termination was motivated by retaliation against the plaintiffs filing of a workers' compensation claim.
The court agrees with the defendant that count two fails to allege retaliatory termination. The plaintiff has merely alleged that she was terminated for absence from work due to a work-related injury. Even though the plaintiff alleges that she was harassed and berated for her workers' compensation claim, she does not allege that the defendant discharged her because she filed a compensation claim.
Alternatively, the plaintiff argues that the defendant violated the public policy for discharging her due to her compensable work-related injury, but has not identified the alleged public policy. "Section 31-290a
does not require an employer to retain an employee unable to perform his or her work simply because that inability resulted from a work-related injury. . . ." (Internal quotation marks omitted.) Erisoty v. MerrowMachine Co., 34 Conn. App. 708, 713, 643 A.2d 898 (1994). "A discriminatory discharge does not include a discharge because the worker is unable to perform his or her work due to a work-related injury. . . ." (Emphasis added.) Chernovitz v. Preston Trucking Co., 52 Conn. App. 570,573, 729 A.2d 222 (1999).
While the plaintiff has alleged discharge because of a work-related injury, she has not alleged discharge for filing a compensation claim. Accordingly, she has alleged no violation of General Statutes §31-290a. The motion to strike count two is granted.
Count Three: Breach of the Implied Covenant of Good Faith and Fair Dealing
The plaintiff alleges that the defendant attempted to force her into signing documents which would allow the defendant to dismiss the plaintiff for any reason; suspended the plaintiff for three days without pay for refusing to attend an after-work social event; and attempted to create a misleading work record for the plaintiff in order to create a false justification for firing her. The plaintiff alleges that the defendant's practice violated the covenant of good faith and fair dealing implied in any employment agreement.
The defendant argues that because the plaintiff does not allege facts which support an express agreement, there is no derivative implied covenant of good faith and fair dealing claim. The plaintiff argues that because she has alleged facts which support a claim for breach of contract, the facts alleged are sufficient to support a claim for breach of the implied covenant of good faith and fair dealing. CT Page 5842
There is no separate covenant of good faith and fair dealing in an employment relationship. "[A] breach of such an implied covenant cannot be predicated simply upon the absence of good cause for a discharge."Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 571, 479 A.2d 781
(1984).
In striking count one, the court held that there is no factual allegation to support an implied contract. In the absence of such a contract, count four is an attempt to recreate the precise cause of action specifically rejected in Magnan. Count three is stricken.
Count Four: Intentional Infliction of Emotional Distress
The plaintiff alleges that, in retaliation of her request to file a workers' compensation claim on her behalf and her absences from work due to her work-related injury, the defendant initially refused to put in her workers' compensation claim; banished the plaintiff to another bank branch; loudly insulted and humiliated the plaintiff; and screamed and yelled at the plaintiff in front of bank customers and fellow employees. The plaintiff asserts that the defendant's conduct was extreme and outrageous, exceeding all bounds tolerated by a decent society, and was done maliciously and with the intention of inflicting severe mental and emotional distress and anxiety upon the plaintiff.
The defendant argues that the plaintiff does not allege conduct so extreme and outrageous as to support a claim for intentional infliction of emotional distress. The plaintiff argues that the facts alleged rise to the level of extreme and outrageous behavior, and, therefore, support a claim for intentional infliction of emotional distress.
"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury. . . .
"Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go CT Page 5843 beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 210-11, 757 A.2d 1059 (2000).
While the defendant's conduct may have been insulting, or displayed bad manners, or resulted in hurt feelings, the facts alleged do not rise to the level of being extreme and outrageous behavior. Count four is stricken.
Count Five: Connecticut Unfair Trade Practice Act (CUTPA)
The plaintiff incorporates her allegations made under previous counts and asserts that the defendant practiced trade or commerce in a way that was unfair, immoral, unethical, oppressive, or unscrupulous in their employment relationship.
The defendant argues that because CUTPA does not apply within the context of an employment relationship, the plaintiff has not alleged facts which support a claim for a CUTPA violation. The plaintiff argues that because she alleges the defendant's actions were performed in a trade or business, she has alleged facts to support a CUTPA violation.
"To state a claim under CUTPA, the plaintiff must allege that the actions of the defendant were performed in the conduct of trade or commerce. . . . [A]n employment relationship does not constitute trade or commerce for purposes of CUTPA." (Citations omitted; internal quotation marks omitted.) Muniz v. Kravis 59 Conn. App. 704, 711, 757 A.2d 1207
(2000); see also General Statutes § 42-110b (a) (prohibiting "unfair or deceptive acts or practices in the conduct of any trade or commerce.")
Because all of the allegations made by the plaintiff involve her employment relationship with the defendant, rather than trade or commerce with the defendant, her CUTPA claim is a mere conclusion of law that is unsupported by the facts alleged. See Novametrix Medical Systems, Inc. v. BOG Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). Count five is stricken.
Count Six: Negligent Misrepresentation
CT Page 5844
The plaintiff alleges that after initially discharging her, the defendant sent a letter to the plaintiff to call her back to work and requested her to disregard the apparent termination of her employment; represented to the plaintiff that it would not discharge the plaintiff for more absences from work due to her work-related injury and that her employment would be permanent. The plaintiff further alleges that she relied on the defendant's representations. The defendant, however, refused later to honor those representations and terminated the plaintiffs employment. The plaintiff asserts that in making those representations, the defendant knew, or should have known, that its representations were untrue, and that the plaintiff would detrimentally rely upon its representations.
The defendant argues that because count six alleges the same set of facts as those alleged in count one, that the defendant has promised for cause employment to the plaintiff, count six has in fact only attempted to allege a claim for breach of contract, but not a claim of negligent misrepresentation. The plaintiff argues that what she has alleged involves more than a simple contract; she argues that she has alleged a pattern of conduct and misrepresentations on the part of the defendant.
Our Supreme Court has held "that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . . One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Citations omitted; internal quotation marks omitted.)Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 575,657 A.2d 212 (1995). "[A] remedy on the contract is independent of a remedy for negligent misrepresentation. The [plaintiff is] not barred from pursuing a negligence claim solely because [she] also might have . . . a breach of contract claim." Id., 579. "Although the general rule is that a misrepresentation must relate to an existing or past fact, there are exceptions to this rule, one of which is that a promise to do an act in the future, when coupled with a present intent not to fulfil the promise, is a false representation." Paiva v. Vanech Heights ConstructionCo., 159 Conn. 512, 515, 271 A.2d 69 (1970). The tort of negligent misrepresentation may be applied to employment situations. D'Ulisse-Cupov. Board of Directors of Notre Dame High School, supra, 202 Conn. 217.
Because the plaintiff has alleged sufficient facts to support her claim of negligent misrepresentation, the court denies the motion to strike CT Page 5845 count six.
Count Seven: False Light
The plaintiff alleges that the defendant screamed and yelled at her in front of bank customers and other employees causing her to experience public embarrassment and humiliation. The plaintiff also alleges that these actions constituted an invasion of privacy, was highly offensive to a reasonable person, and that the defendant had knowledge of or acted in reckless disregard of the falsity of the publicized matters and the false light in which it placed the plaintiff.
The defendant argues that the facts allege only that the plaintiff was yelled at in front of customers and employees, and do not sufficiently allege that the plaintiff was portrayed in a false light. The defendant further argues that the plaintiff does not sufficiently allege publicity which would invoke a cause of action for false light invasion of privacy. The plaintiff argues that the defendant's remarks to the plaintiff were made in a public forum, and therefore, she has alleged facts which would support a false light invasion of privacy claim.
The existence of an invasion of privacy action was first recognized in Connecticut in Goodrich v. Waterbury Republican-American, Inc.,188 Conn. 107, 128, 438 A.2d 1317 (1982). "The four categories of invasion of privacy are set forth in 3 Restatement (Second), Torts 652A [(1977)] as follows . . . (d) publicity that places the other in a false light before the public." Id., 128. To establish invasion of privacy by false light, the plaintiff would have to show "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. . . ." (Citations omitted, internal quotation marks omitted.) Honan v. Dimyan, 52 Conn. App. 123, 132-33, 726 A.2d 613, cert. denied, 249 Conn. 909, 733 A.2d 227 (1999).
No where in the complaint, however, does the plaintiff allege facts which would support the conclusory allegation that the defendant knowingly and publicly depicted the plaintiff in a false light. Because the plaintiff has not alleged facts to support a false light invasion of privacy claim, the court grants the motion to strike count seven.Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
For the foregoing reasons, the court grants the motion to strike counts one, two, three, four, five, and seven, but denies the motion to strike count six. CT Page 5846
By the Court,
Kevin E. Booth Judge of the Superior Court